Krause, Respondent, vs. Arnold, Administrator, Appellant.

*January 19—February 13, 1917.*

*Bills and notes: Certificate of deposit: Ownership: Evidence.*

A finding by the trial court to the effect that a certificate of deposit had been indorsed by the depositor (since deceased) and turned over to plaintiff as compensation for her services, is *held* not to be contrary to a clear preponderance of the evidence.

Appeal from a judgment of the circuit court for Eau Claire county: James Wickham, Circuit Judge. *Affirmed.*

Action to recover on a certificate of deposit for $1,500, issued to W. F. Bailey by the Lumbermen's National Bank of Chippewa Falls, Wisconsin.

Mr. Bailey died before the action was commenced and defendant, *Arnold,* was duly appointed administrator of his estate and was interpleaded as a defendant. The money was paid into court and the issue as to whether plaintiff or the administrator was entitled thereto was litigated between them, resulting in findings that plaintiff was the owner of the certificate and entitled to recover. Judgment was entered accordingly and the administrator appealed.

*Fred Arnold* of Eau Claire, for the appellant.

For the respondent there was a brief by *Sturdevant & Farr* of Eau Claire, and oral argument by *L. M. Sturdevant.*

Marshall, J. The sole question in this case was one of fact. That was whether Mr. Bailey indorsed and turned the certificate of deposit over to plaintiff for services. There was evidence to the effect that she was his confidential clerk for some sixteen years, and as such largely had charge of his papers, assisted him in much literary work as a typewriter and stenographer, and otherwise, and did much to take care of him in sickness, which services, in the whole, were not performed gratuitously and were reasonably worth $700 per year. There was further evidence to the effect that the sig-

nature on the back of the certificate was that of Mr. Bailey; that he indorsed his name thereon several months before his death and delivered it to plaintiff on services; that shortly before his death he declared that he indorsed the certificate and that it was her property.   There was no direct evidence to the contrary of this and no conclusive controverting circumstances.   It is not thought best to refer to the evidence in detail.   It has been carefully examined resulting in a conviction that no sound basis can be found in the record for holding that the circuit judge's conclusions are contrary to the clear preponderance of the evidence.   The judgment must therefore be affirmed.

*By the Court.*—Judgment is affirmed.